**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ROBERT LEGG, on behalf of
himself and all others similarly situated,

                                        Case No. CIV-21-655-D

                  Plaintiff,

      v.


LEADERS LIFE INSURANCE
COMPANY

                Defendant.


**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT LEADERS LIFE INSURANCE COMPANY'S**
**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Leaders Life Insurance Company ("Leaders Life") respectfully submits this Reply Brief in further support of its Motion to Dismiss Plaintiff Robert Legg's First Amended Complaint.

Leaders Life will only address Plaintiff Robert Legg's lack of Article III standing in this reply brief and will rely on the arguments set forth in its opening brief regarding Plaintiff's failure to state a claim.

## I.    ARGUMENT

### A.    Risk of Future Harm Cannot Confer Standing in a Case for Damages

The United States Supreme Court has expressly held that a risk of future harm is not a particularized and concrete injury that confers Article III standing on a plaintiff seeking monetary damages. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2211 (2021). Despite this holding—and after amending his Complaint when first confronted with this argument—Plaintiff continues to insist that allegations regarding the "future risk of fraudulent and unauthorized misuse of his PII" are sufficient to grant him Article III standing to bring this lawsuit. Pl.'s Opp'n to Mot. to Dismiss at 5. This position is in direct opposition to the Supreme Court's instruction that:

> [I]f an individual is exposed to a risk of future harm, time will eventually reveal whether the risk materializes in the form of actual harm. If the risk of future harm materializes and the individual suffers a concrete harm, then the harm itself, and not the pre-existing risk, will constitute a basis for the person's injury and for damages. If the risk of future harm does *not* materialize, then the individual cannot establish a concrete harm sufficient for standing[.]

*TransUnion.* 141 S. Ct. at 2211 (emphasis in original). Of the cases that Plaintiff cites in support of his argument that risk of future harm is sufficient to confer standing, <u>none</u> were decided post-*TransUnion*. Opp'n at 6-9. Accordingly, to the extent those cases hold or suggest that the risk of future injury qualifies as a concrete injury for Article III purposes, they have been superseded.

Plaintiff also argues that his allegations regarding increased phishing emails show that there has been "direct misuse of his data." Opp'n at 8. Even if Plaintiff could prove a causal relationship between the Leaders Life incident and Plaintiffs' alleged receipt of an increased volume of spam emails (a dubious propostion), the mere receipt of additional spam emails is not actionable, and case law does not suggest otherwise. To potentially state an actionable claim, Plaintiff would be required to allege that he clicked on a link in one of these additional emails and thereby became the victim of a scam. If Plaintiff had been the victim of identity theft or fraud, only then could he arguably allege a concrete injury giving rise to standing, as *TransUnion* holds that Article III requires "harm itself, and not the pre-existing risk" of harm reflected in Plaintiff's allegations of increased spam email. 141 S. Ct. at 2211. Although Plaintiff may share the frustration felt by anyone inundated by spam emails, he "cannot establish a concrete harm sufficient for standing" if the harm of identity theft or fraud "does *not* materialize." *Id*. (emphasis in original).

### B.    There Has Been No Public Disclosure of Information that Gives Rise to Article III Standing

In addition to incorrectly arguing that risk of future harm is sufficient for Article III standing (even after the Supreme Court firmly closed that door in *TransUnion*), Plaintiff

also argues that he has standing because he is the victim of "a disclosure of private information to nefarious third parties." Opp'n at 9. This is wrong, as a matter of law and fact.

First, although Plaintiff alleges his information was allegedly *exposed* here, Plaintiff does not and cannot allege that Leaders Life affirmatively *disclosed* Plaintiffs' information. *See, e.g. In re Ambry Genetics Data Breach Litig.*, No. SACV2000791CJCKESX, 2021 WL 4891610, at *9 (C.D. Cal. Oct. 18, 2021) (citations omitted) (dismissing claim in proposed data breach class action under California's Confidentiality of Medical Information Act barring unauthorized "disclosure" of protected health information, noting that: "'Disclose' is an active verb, denoting … an affirmative act of communication" and finding the plaintiffs "do not allege that Defendants performed any affirmative communicative act that gave hackers information.").

Next, Plaintiff relies on somewhat inartfully worded *dicta* from *TransUnion* that states that "[v]arious intangible harms can also be concrete," including "disclosure of personal information." *TransUnion.* 141 S. Ct. at 2204. However, the Supreme Court's lone citation in support of this purported principle was to *Davis v. Federal Election Commission*, 554 U.S. 724, 733 (2008), wherein a political candidate was found to have standing to challenge a newly enacted law requiring additional *campaign disclosures*, which if violated could have subjected the candidate to fines or criminal prosecution. The fact that the Supreme Court deemed a plaintiff to have standing under those unique cicumatances does not confer standing to any plaintiff whose information was merely

exposed, subjecting the plaintiff to only potential harm; the entire holding of *TransUnion* rejects that standing could exist under such circumstances.

### C.    Plaintiff Has Failed To Adeqautely Plead That His Information Was Stolen By Criminals

Plaintiff's assertion that his information was "stolen by criminals with the purpose of making a profit from the cyber theft and eventual misuse of such data," Opp'n at 7, is not based on "well-pleaded factual allegations" in the First Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It is instead a "mere conclusory statement" that is not entitled to deference and is insufficient to defeat a motion to dismiss. *Id*. at 678. There are no facts alleged in the First Amended Complaint that show Plaintiff's information was actually stolen. To the contrary, Plaintiff quoted the notice letter, which stated, "Importantly, there is no indication that your specific information was accessed or misused." First Am. Compl. ¶ 21, Ex. 1. Nor are there any facts in the First Amended Complaint showing that cybercriminals acted "with the purpose of making a profit from the cyber theft and eventual misuse of such data" and not for some other purpose, such as extorting a ransom payment out of Leaders Life.

Plaintiff has failed to meet his burden to plead factual content showing that his personal information was stolen. Even if he could make that showing, however, he would still fall short of establishing Article III in the absence of actual misuse of his data.

## II.    CONCLUSION

For all the foregoing reasons and for the reasons set forth in its opening brief, Defendant Leaders Life Insurance Company respectfully requests that Plaintiff's First

Amended Complaint be dismissed in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the event the Court does not dismiss the First Amended Complaint, Leaders Life respectfully requests that it strike paragraphs 21-38 from the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

Dated: November 9, 2021                    Respectfully Submitted,


                                           *s/Kyle Sweet*
                                           Kyle Sweet, OBA # 17711
                                           **SWEET LAW FIRM**
                                           24 West Park Place
                                           Oklahoma City, OK 73103
                                           kyle@sweetlawfirm.com

                                           Claudia D. McCarron (*pro hac vice* forthcoming)
                                           James F. Monagle (*pro hac vice* forthcoming)
                                           Richard M. Haggerty (*pro hac vice* forthcoming)
                                           **MULLEN COUGHLIN LLC**
                                           426 W. Lancaster Avenue, Suite 200
                                           Devon, PA 19333
                                           cmccarron@mullen.law
                                           jmonagle@mullen.law
                                           rhaggerty@mullen.law

                                           *Counsel for Defendant*